IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–26–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRANDON ALLEN OLEAN, | |
| Defendant. | |

Before the Court is Defendant Brandon Allen Olean's Motion for Early Termination of Supervision. (Doc. 133.) Mr. Olean pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and, on December 9, 2016, was sentenced to a custodial sentence of 72 months, followed by 5 years of supervised release. (Doc. 97.) Mr. Olean began his period of supervised release in October 2020. (Doc. 134 at 2.) Mr. Olean now seeks the premature termination of his remaining term of supervised release, which is set to terminate in October 2025. (*Id.*) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (*Id.* at 4.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a

1

term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Olean has served approximately three and a half years of his five-year term of supervised release, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Olean's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Olean waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Olean's supervised release is obviously favorable to him and the United States does not object. Accordingly, the Court will dispose of this matter without a hearing.

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Olean's remaining term of supervised release. Mr. Olean reports that, since his release, he has attended and graduated from the Montana Academy of Salons and now owns and operates his own small business, Kingdom Tattoos and Barber Shop. (Doc. 134 at 3.) He also spends time volunteering in his community and regularly attends sober living community activities. (*Id.* at 4.) Mr. Olean has also been on state probation or the past eight years, and that term of probation will be complete at the end of March 2024. (*Id.*)

Mr. Olean has met all of his financial obligations and has remained in compliance with the terms of his supervision. His probation officer indicates that he has done exceptionally well on supervision. At the time of sentencing, the Court varied downward from the guideline sentence in light of Mr. Olean's lack of youthful guidance and upbringing, drug addiction, and acceptance of his drug dependence. (Doc. 98 at 3.) The Court believes Mr. Olean has demonstrated significant growth

during his time in custody and while on supervised release.

Accordingly, IT IS ORDERED that the motion (Doc. 133) is GRANTED.

IT IS FURTHER ORDERED that Mr. Olean's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 11th day of March, 2024.

_____
Dana L. Christensen, District Judge
United States District Court